LEIGH M. CLARK, Retired Circuit Judge.
Appellant was convicted, on a plea of guilty in Circuit Court Case No. 80-421 to an indictment charging him with the sale óf marijuana, and sentenced to imprisonment for seven years; in Circuit Court No. 80-423 he was convicted on a plea of guilty to an indictment charging possession of marijuana and sentenced to imprisonment in.the penitentiary for a term of seven years. His appeals in the cases have been consolidated.
On arraignment in each case, defendant pleaded not guilty, but when each case came on for trial on February 16, 1981, the defendant, accompanied by his retained counsel, asked leave to withdraw his plea of *1077 not guilty and enter a plea of guilty. Appellant contends that, as to each case, the action of the court did not meet the requirements of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Our review of the lengthy colloquy among the court, defendant and his counsel convinces us that the requirements of Boykin were met, the acceptance of defendant’s plea of guilty was proper, and that there was no error by the trial court in the rendition of its judgment of conviction in Circuit Court Case No. 80-421.
Immediately after the hearing on whether to accept the plea of guilty in Circuit Court Case No. 80-421, the court commenced a lengthy colloquy as to Circuit Court Case No. 80-423, which also in general met the requirements of Boykin, but in one particular it did not, as shown by the transcript as follows:
“THE COURT: All right. Do you further understand that the State must prove you guilty beyond a reasonable doubt and to a moral certainty?
“THE DEFENDANT: Yes, sir.
“THE COURT: And the State also must prove beyond a reasonable doubt and to a moral certainty the essential elements of the crime in which you are charged in the indictment. The State must prove, one, that you did unlawfully sell, furnish, or give away, two, a controlled substance, to-wit, marijuana, three, to Gabe McCray. Do you understand that?
“THE DEFENDANT: Yes, sir.
“THE COURT: Sir, what if anything did you do that makes you say you are guilty of this offense?
“THE DEFENDANT: They said I sold it.
“THE COURT: You said you sold it?
“THE DEFENDANT: They said I did.
“THE COURT: Would you repeat the answer?
“THE DEFENDANT: I said they did. (sic)
“THE COURT: That you did sell, furnish, or give away marijuana?
“THE DEFENDANT: Yes, sir.”
It is to be readily seen that the trial court was treating Case No. 80-423 as charging the same as charged in Case No. 80-421, a sale of marijuana, or the legal equivalent, which is not charged in Case No. 80-423. Neither the record proper nor the transcript clarifies the mistake in such a way as to conclude therefrom that defendant’s plea of guilty in Case No. 80-423 was voluntarily, knowingly and understandingly made to the charge contained in the indictment.
A presentence investigation and report were requested by defendant in each case, and the cases were continued to March 23, 1981, for sentence hearing and a determination of defendant’s application for probation. On March 23, 1981, a sentence hearing was conducted, which resulted in the sentence of seven years in each case and a denial of defendant’s application for probation. The transcript shows that a presen-tence report of investigation had been submitted, but the transcript does not contain the report and contains very little reference to it. About the only reference to it is to be found in the argument of defendant’s counsel as follows:
“MR. LYON: Your Honor, we would just like to emphasize some of the points in the report, if we may.
“THE COURT: Yes, certainly.
“MR. LYON: Okay. Your Honor, we would emphasize the reputation and community attitude toward Mr. Graffeo that almost everyone contacted said that they are surprised at the charges and that they considered the Graffeos decent people — never wrong-doing anyone else and the people of the community recommend probation for them — for him and the analysis of the report states that there were two positive aspects toward recommending probation.
“There is no previous record for Mr. Graffeo and he has a good reputation in the community and Mr. Graffeo pled guilty to possession of a small amount of marijuana and also the sale, I believe, of two ten cent bags, also a small amount of marijuana.
*1078 “Mr. Graffeo has had three heart attacks, is in very poor health. As you can see, he is elderly and I will submit to Your Hon- or that there will be no social benefit to deny probation on his application and that is it.”
By reason of what has been stated above relative to the hearing on defendant’s plea of guilty in Case No. 80-423, the judgment therein should be reversed and the cause remanded.
As to Case No. 80-421, in which there was compliance with the requirements of Boykin v. Alabama, supra, the judgment of conviction should be affirmed. However, it appears that, as to both cases, the court was considering that defendant was pleading guilty to two separate cases of selling marijuana and that the term of the sentence in each case, as well as the determination of the application for probation, was probably influenced thereby. Case No. 80-421 should be remanded with directions that the court conduct another sentence hearing in accordance with Alabama Rules of Criminal Procedure — Temporary Rules, effective February 23, 1980, and that the parties be given due notice of the time thereof. The trial court shall make due return to the order of remandment, with notice thereof to each of the parties. Either party aggrieved thereby will have fifteen days thereafter in which to file a brief to this court and the opposing party will have fifteen days within which to file a reply brief.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the court. The judgment of conviction in Case No. 80-421 is hereby affirmed and the case is remanded with directions for another sentence hearing. The judgment in Case No. 80-423 is hereby reversed and the case remanded.
AFFIRMED BUT REMANDED WITH DIRECTIONS FOR ANOTHER SENTENCE HEARING IN ONE OF TWO CASES; REVERSED AND REMANDED IN THE OTHER CASE.
All the Judges concur.
ON RETURN TO REMAND
LEIGH M. CLARK, Retired Circuit Judge.
A comprehensive return to remand was filed in this Court on July 29,1982. By his brief filed well within the time directed, appellant asserts that the trial court “did not conduct the sentence hearing in accordance with the prior orders of the Court of Criminal Appeals” in that it was not conducted in accordance with “Alabama Rules of Criminal Procedure-Temporary Rules.” He relies on Rule 3(a)(2) in providing “... on written motion of either party, the Court shall require a written report of a presen-tence investigation of a defendant convicted of a felony and such defendant shall not be sentenced before such report has been presented to and considered by the Court,” and upon Rule 3(c), which provides, “Copies of the presentence report shall be furnished to the district attorney and attorney for the defendant prior to the sentence hearing.”
The sentence hearing was conducted on July 1, 1982, after due notice had been given to defendant and counsel for the respective parties, who were all present. Testifying on call of the defendant were the defendant and Mrs. Judith C. O’Connor, a parole and probation officer assigned to Shelby County, who at the previous sentencing hearing in the instant case had submitted a “pre-sentence investigation report,” dated March 19,1981, to which reference was made in our opinion on original submission. She testified that since the date of that report, Mr. Graffeo and his wife had moved their residence from Shelby County to Jefferson County, and that she in her capacity as a probation officer in Shelby County had called upon a probation officer in Jefferson County for an “updated” report on the defendant. Correspondence between Mrs. O’Connor and a Jefferson County. parole and probation officer, to which *1079 was attached a letter dated June 30, 1982, from a psychiatrist of the University of Alabama in Birmingham relative to defendant was introduced in evidence by defendant.
The defendant testified at length on the hearing as to his physical, emotional and mental condition.
Although it appears from the transcript that defendant’s attorney did not receive a copy of the “updated” report until a short time after the sentence hearing commenced and he had not until then been shown again the original presentence report presented at the time of the previous sentencing hearing, there is nothing in the transcript to indicate that defendant was prejudiced in any way by his attorney’s not being furnished, before the commencement of the sentencing hearing now under consideration, a copy of either the original report or the “updated” report. He had the original and the “updated” report before him well before the conclusion of the hearing. We note that there was no motion or request by defendant that the hearing be delayed or continued by reason of failure of the State or any of its representatives to furnish defendant’s attorney with a copy of the original or “updated” report prior to the commencement of the hearing. The action of the trial court now complained of by appellant did not constitute error prejudicial to him. The judgment of sentence in the particular case now under consideration, Circuit Court Case No. 80-421, should now be affirmed, as was the judgment of conviction as shown by our previous opinion herein.
AFFIRMED.
All the Judges concur.